UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

EVERTT L. MCCRARY, )
)
Plaintiff, )
) No: 4:15-cv-59-HSM-SKL
v. )
)
BRIDGESTONE AMERICAS TIRE )
OPERATIONS, LLC, )
)
Defendant. )

# REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by Evertt L. McCrary ("Mr. McCrary") [Doc. 1]. Mr. McCrary's Complaint [Doc. 2] alleges his former employer discriminated against him and wrongfully terminated him because of his race and created a hostile work environment. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the

petitioner's financial situation will not permit him to pay for the costs of the litigation and also be able to provide the necessities of life for himself and his dependents. *Adkins*, 355 U.S. at 339.

Mr. McCrary's affidavit here does not show he is unable to pay the $400.00 filing fee while still affording the necessities of life. Mr. McCrary represents that he is currently employed as a forklift operator and his net annual salary is $19,800.00, which is $1,650 per month. Mr. McCrary lists his total monthly expenses as $1,604.00, which includes monthly payments for liabilities owed to creditors. Mr. McCrary states that his spouse's current income is approximately $48,000.00 and the total monthly income for himself and his spouse is approximately $4,100.00. Additionally, Mr. McCrary has a personal checking account and a savings account totaling approximately $1,200.00. Accordingly, I **RECOMMEND** the motion to proceed IFP [Doc. 1] be **DENIED**[1] and that Mr. McCrary be assessed the $400 filing fee if he wishes to proceed with this case.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).